UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

RICHARD L. JOHNSON,

      Plaintiff,

v.

ERIC HOWARD, *et al.*,

      Defendants.

_____/

Case No. 1:96-CV-662

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on the Objections of Non-Parties William Overton, Bill Martin, Linda Wittman, Jeffrey Baumann and Kevin Thom to United States Magistrate Judge Hugh W. Brenneman's Report and Recommendation of May 13, 2005 ("Report"). Oral argument is unnecessary.

      The Report addressed seven motions: (1) Motion for a Protective Order and (2) Motion to Stay Discovery filed by Non-Parties William Overton, Bill Martin and Linda Wittman ("Overton, *et al.*"); (3) Motion for an Order for the Court to Set Dates for Discovery, (4) Motion for Sanctions, and (5) Motion to Enlarge Page Limit filed by the Receiver, Randall Levine; and (6) Motion to Quash Subpoenas and (7) Motion for Sanctions filed by Non-Parties Kevin Thom and Jeffrey Baumann ("Thom, *et al.*"). The Report recommended that the Receiver's Motion for an Order for the Court to Set Dates for Discovery and Receiver's Motion to Enlarge Page Limit be granted, and all other motions be denied. This Court now reviews the Report, the Objections and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636.

Upon such review, the Court determines that the Report should be adopted as modified.[1]

The Non-Parties' principal argument is that a recent decision by the Michigan Supreme Court precludes judicial review by this Court of a discretionary decision by a state agency not to indemnify. *See Warda v. City Council of Flushing*, 696 N.W.2d 671, 678 (Mich. 2005). However, as the Receiver notes in his response, the Court has not been asked to review a discretionary decision of a state agency. Additionally, *Warda* specifically reserves to the court the right to review a discretionary decision alleged to be unconstitutional. *Id*. at 677-78. If such an allegation was made, a decision could be subject to judicial review. Therefore, *Warda* is not dispositive and the objection will be denied.

The Receiver's motion for an order to set dates for discovery requested that the Court order William Overton, Bill Martin and Linda Wittman to be deposed on November 29, 2004. William Overton has provided an affidavit (Dkt. No. 362) satisfying the Court that at all times since the issuance of this subpoena, he has not resided, been employed or regularly transacted business in person within 100 miles of the site of the deposition. Thus the subpoena as to William Overton, only, is ordered quashed. Because the motion to quash subpoenas by Non-Parties Thom and Baumann is being denied, the Receiver is entitled to discovery from them as well as Bill Martin and Linda Wittman. Since the November 29 date has passed, the Court directs that within ten (10) days

---

[1]The Non-Parties object to two inaccuracies in the Report. First, the Report incorrectly cites October 17, 2004 as the date of District Court order appealed by the Non-Parties. (Report at 2). The correct date of the order is October 19, 2004. (Dkt. No. 351). Second, the Report asserts that the Non-Parties' appeal was filed with the Sixth Circuit Court of Appeals before their motion to stay proceedings was sought in the District Court (*id.)*, when actually the motion to stay proceedings was filed with the District Court on November 2, 2004 (Dkt. No. 353) and the appeal to the Sixth Circuit was filed on November 9, 2004 (Dkt. No. 359). These corrections are duly noted.

of the date of this Order, the Receiver inform the Court of a suitable date, after conferring with opposing counsel. If the parties cannot agree upon a date, the Receiver may simply submit the date he recommends. Any recommended date should be at least thirty (30) days after the date of this Order to accommodate sufficient notice. The in-person depositions are to take place at the Receiver's office, 427 S. Burdick Street, Kalamazoo, Michigan.

The Non-Parties have also filed a Motion to Strike the Receiver's Responsive Brief in Opposition to Non-Parties' Objections to Report and Recommendation. The Non-Parties assert that the Receiver's conduct is "an abuse of the Federal Rules of Civil Procedure and the local rules by which this court operates," but fail to identify any specific rule that has been abused. Additionally, motions to strike are generally disfavored. *See City of Kalamazoo v. Mich. Disposal Serv. Corp.*, 125 F. Supp. 2d 219, 221 (W.D. Mich. 2000). The Motion to Strike will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that the Non-Parties' Objections (Dkt. No. 383) are **DENIED**, the Report and Recommendation (Dkt. No. 382) is **ADOPTED** as **MODIFIED**, the Non-Parties' Motion to Strike (Dkt. No. 391) is **DENIED**, Overton, *et al.*'s Motion for a Protective Order (Dkt. No. 343) is **DENIED**, Overton, *et al.*'s Motion to Stay Discovery (Dkt. No. 353) is **DENIED**, the Receiver's Motion for an Order for the Court to Set Dates for Discovery (Dkt. No. 356) is **GRANTED**, the Receiver's Motion for Sanctions (Dkt. No. 356) is **DENIED**, the Receiver's Motion to Enlarge Page Limit (Dkt. No. 365) is **GRANTED**, Thom, *et al.*'s Motion to Quash Subpoenas (Dkt. No. 372) is **DENIED**, and Thom, *et al.*'s Motion for Sanctions (Dkt. No. 374) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 11, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |