UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RICHARD L. JOHNSON,

        Plaintiff,

v.

ERIC HOWARD, *et al.*,

        Defendants.

_____/

Case No. 1:96-CV-662

Hon. Richard Alan Enslen

**<u>ORDER</u>**

      Receiver Randall Levine is in the receipt of $137,500 of settlement monies owed to Plaintiff Richard Johnson and Plaintiff's counsel Daniel Manville. He is requesting the issuance of an interpleader order requiring the deposit of the settlement monies (now held by the Receiver) in the Court's registry for later distribution.

      Of the settlement monies, $12,500 was previously designated as due and owing to Plaintiff's counsel as his fees for this suit and $125,000 was designated as due and owing to Plaintiff as his compensation for the suit.[1] However, Plaintiff's counsel has since asserted an attorney fee lien against Plaintiff's award in the amount of $10,000 for legal services in a separate law suit–*Johnson v. Snook*, Case No. 1:99-cv-214 (W.D. Mich.) (Judge Quist). *See* Receiver's Mot., Ex. A (asserting $10,000 lien).

      This factual scenario is interesting given the manner in which Michigan and the common law treat attorney fee liens. There are two kinds of liens–retaining liens and charging liens. *George v. Sandor M. Gelman, P.C.*, 506 N.W.2d 583, 584-85 (Mich. Ct. App. 1993). The retaining lien relates

---

[1] The Receiver has also retained funds owed him, which funds are not at issue.

to any claim an attorney has for services in any past suit (whether or not related to the property) and arises in any personal property in the attorney's possession held for the client owing the fees. *See also Pierce v. Underwood*, 61 N.W. 344, 345 (Mich. 1894) (stating that attorney has a "lien upon the money of his client, in his possession, to secure payment for his professional services, not only in the suit to which they pertain, but in other suits."); *Robinson v. Hawes*, 22 N.W. 222, 223-24 (Mich. 1885) (same); *Kysor Indus. Corp. v. D.M. Liquidating Co.*, 161 N.W.2d 452, 455-56 (Mich. Ct. App. 1968) (same); *Bruce v. United States*, 127 F. Supp. 858, 861 (E.D. Mich. 1955) (same); *Everett, Clarke & Benedict v. Alpha Portland Cement Co.*, 225 F. 931, 937 (2d Cir. 1915) (same). The charging lien, on the other hand, adheres not only to property in the attorney's possession, but also to the judgment or funds created by the attorney's efforts. *Gelman*, 506 N.W.2d at 584-85. The charging lien, however, is limited to services performed in the suit giving rise to the fund or judgment. *Id.*

In the instant case, Plaintiff's counsel has a charging lien as to only $12,500 (the monies owed Plaintiff's counsel for work in the instant suit), which monies will be directed to him. Plaintiff's counsel does not have a retaining lien as to the $10,000 for services in another suit because he has not retained Plaintiff's funds so as to assert an interest in them (rather he previously returned them to the Receiver, voluntarily, for distribution). Although the Michigan Court of Appeals in *Kysor Indus. Corp. v. D.M. Liquidating Co.*, 161 N.W.2d 452, 455-56 (Mich. Ct. App. 1968) recognized that the payment of funds as to which an attorney had a retaining lien did not discharge the lien when done pursuant to court order, it has not otherwise expanded the definition of a retaining lien or otherwise protected an attorney who voluntarily surrenders the funds. In this case, the payment of the funds to the Receiver was voluntary and extinguished the retaining lien.

**THEREFORE, IT IS HEREBY ORDERED** that Receiver Randall Levine's Motion in the Nature of Interpleader (Dkt. No. 416) is **GRANTED IN PART AND DENIED IN PART** in that the Court will not order the payment of funds into the Court's registry, but will direct payment by the Receiver.

**IT IS FURTHER ORDERED** that the Receiver shall disburse the settlement funds as follows: (1) $12,500 to Plaintiff's counsel as payment for the instant case; and (2) $125,000 to Plaintiff or his designee (such as a banking corporation holding funds on Plaintiff's behalf) as payment for his settlement of this suit.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
February 17, 2006  Richard Alan Enslen
 Senior United States District Judge