UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD L. JOHNSON,

        Plaintiff,

Case No. 1:96-CV-662

v.

Hon. Richard Alan Enslen

ERIC HOWARD, *et al.*,

**ORDER**

        Defendants.
_____/

Plaintiff Richard L. Johnson has filed a Motion for Reconsideration of the Court's Order of April 10, 2006 denying his requests for relief against Plaintiff's counsel and the Receiver.

Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead . . . [and] that a different disposition must result from the correction thereof." Plaintiff's Motion fails to meet this standard and also the standards for relief under Federal Rule of Civil Procedure 60.

In addition to seeking reconsideration, Plaintiff has also filed a notice of appeal, apparently without playing the filing fee (which is not reflected as paid as part of the docket). The appellate filing fee as of April 20, 2006 was $455.[1] Because Plaintiff is now in possession of over $100,000 in his prison account, Daniel Manville (Plaintiff's former counsel) now requests that the Court deny Plaintiff pauper status regarding the appeal and further require a sizable appeal bond ($20,000).

---

[1] This amount is an increase from the previous filing fee, which increased as of April 9, 2006.

Title 28 United States Code § 1915(a) imposes a duty on the district courts to assess pauper status not only at the time a complaint is filed, but whenever one seeks deferral of the payment of usual court expenses and fees. *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988). In the present case, Plaintiff was no longer indigent at the time of the filing of the notice of appeal, such that the appellate filing fee should be paid in full. Therefore, the Court will require the payment of the entire filing fee within 30 days. Noncompliance may result in dismissal of the appeal.

A separate issue is the assessment of the bond requirement. Attorney Manville requests the assessment of a bond of $20,000 for the purpose of paying counsel's anticipated attorney fees for defending a frivolous and vexatious section 1983 appeal. Appeal bonds are governed by Federal Rule of Civil Procedure 62(d) and Federal Rules of Appellate Procedure 7 and 8. A supersedeas bond is not at issue in this case since the Order appealed (denial of injunctive relief and contempt sanctions) did not assess a monetary judgment. *See Adsani v. Miller*, 139 F.3d 67, 70 & n.2 (2d Cir. 1998). The pertinent question is how to assess the amount of the "appeal bond" pursuant to Rule 7. The federal courts have construed that provision as covering only "costs" within the meaning of Federal Rule of Appellate Procedure 39–meaning transcript fees, reporter's fees, filing fees, and copying fees. *See Fleschmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714 (1967); *In re American President Lines, Inc.,* 779 F.2d 714, 716 (D.C. Cir. 1985); *Baez v. United States Dep't of Justice,* 684 F.2d 999 (D.C. Cir. 1982). Given that such costs are generally small, the Court determines that a sufficient appeal bond should be set in the amount of $2,000 to cover such costs. Noncompliance with the bond requirement may result in dismissal of the appeal.

In saying so, the Court does agree with Attorney Manville's assessment that the appeal is frivolous and likely to invite attorney fees under 42 U.S.C. § 1988 and other sanctions under Federal

Rule of Appellate Procedure 38 and/or the federal courts' inherent authority. With that said, however, the Court does not view this as an appropriate occasion for the posting of a bond amount premised on a future sanction. Any sanction to be imposed by the Court of Appeals will be assessed only after the appeal is decided and only after sufficient hearing on the issue is entertained. *See* Fed. R. App. P. 38. In the instant case, the record does not suggest any future sanction amount such that the determination of a bond amount to secure the sanction is not properly considered at this time.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Richard L. Johnson's Motion for Reconsideration (Dkt. No. 435) is **DENIED** and Attorney Manville's motions (asserted in Dkt. No. 436) are **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's pauper status is **VACATED** effective upon the filing of his notice of appeal.

**IT IS FURTHER ORDERED** that Plaintiff shall submit payment of the $455 appellate filing fee to the Clerk within 30 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall submit either a cash appeal bond or appeal bond by an approved surety to the Clerk in the amount of $2,000.00 within 30 days of this Order.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>       May 19, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |